22 P.(2d) 225

## FRANK A. HUBBELL CO. v. GUTIERREZ et al.

### No. 3758.

Supreme Court of New Mexico.
May 17, 1933.

James G. Fitch, of Socorro, for appellants.

R. P. Barnes, of Albuquerque, for appellee.

WATSON, Chief Justice.

This appeal is from a permanent injunction restraining the county commissioners and the county clerk of Catron county from "attempting in anywise to * * * perform or carry out" a certain resolution of the board of county commissioners wherein the board found a great need for a highway upon a described section line, found it to be practicable, and, upon the findings, declared said section line a highway.

Among the grounds on which the amended complaint challenges the validity of the resolution, it is alleged that there was an entire failure to follow the ordinary statutory procedure for the establishment of high-.ways, including petition, bond, view, survey, platting, and appraisal of damages. Cf. 1929 Comp. St. c. 64, art. 7.

Defendants filed both a demurrer and an answer. The former raised the point that plaintiff had an adequate remedy at law by certiorari. It was overruled. The latter denied that defendants "propose or intend to open said highway over or across the lands claimed by plaintiff, or in any manner to interfere with the use and occupation of said lands or any improvements thereon until plaintiff's damages, if any, for the taking

thereof shall have been determined and paid under the provisions of chapter 34 of New Mexico Ann. Stat. of 1915." The reference is to the statute of eminent domain now appearing as 1929 Comp. St. c. 43, art. 1.

The answer was stricken, with leave to plead over. Not having availed themselves of the leave, defendants' default was entered, and the permanent writ followed.

Appellants here challenge first the striking of their answer. Their position is that the ordinary procedure for establishment of highways, omitted in this case, is unnecessary and inapplicable whenever the highway is to follow a section line. They rely on 1929 Comp. St. § 64-702, which in part reads: " * * * When practicable the county commissioners shall declare all township and section lines, public highways of not less than forty feet in width, and where there is no improvement, no compensation shall be paid for such highways."

The argument is that this section is a legislative acceptance, as of 1891, of the continuing offer of the United States made in 1866: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." U. S. Rev. St. § 2477, 43 USCA § 932.

We do not question appellant's proposition that Rev. St. 2477, supra, is a continuing offer, proper acceptance of which will make of it a grant. We do not question that the Legislature might have consummated the grant by a declaration that all or specified section lines should be public highways, and

that he who subsequently acquired land from the government would take subject to the grant. Atchison, T. & S. F. Ry. Co. v. Richter, 20 N. M. 278, 148 P. 478, L. R. A. 1916F, 969.

■ But the statutory provision is peculiar. There are two ways in which it might be interpreted. The Legislature may have intended to authorize boards of county commissioners to take private lands along section lines for highways without compensation. That would be unconstitutional. It may have intended a sort of provisional acceptance of the government's offer, subject to the future declared policy of each board of county commissioners. But, on the theory of continuing offer, we think such attempt would be unavailing. The Legislature could not enlarge the terms of the offer, nor by any act keep it open after it had been withdrawn by a grant otherwise. It would seem on principle that the acceptance must be unequivocal and in præsenti. Cf. Atchison, T. & S. F. Ry. Co. v. Richter, supra.

■ By their answer appellants recognize that there is no validity to the provision "where there is no improvement, no compensation shall be paid for such highways." This seems to us to destroy the force of the contention that the statutory procedure for establishing highways may be ignored when it is proposed to place them on section lines. Whatever may have been the legislative theory, we conclude that, as to lands privately owned when the declaration is made, 1929 Comp. St. § 64-702 is a nullity. If, in 1928, when the present resolution was passed, the

board had declared that all section lines in the county should henceforth be highways of a specified width, the declaration would have been without effect as to lands privately owned. So, admitting that the Legislature intended that the establishment of section line highways, whether by general or specific declaration, should be governed by that section solely, when we find that intent ineffectual as to private lands, there is no virtue in the fact that the road is to be on a section line, and nothing to distinguish such roads from others. They must be established as other roads must be.

■ In support of their demurrer, appellants contend that the court had no jurisdiction in the injunction suit, because of the existence of a full, adequate, and complete remedy at law by certiorari.

No doubt the present resolution, adopted as it was in disregard of jurisdictional requirements, could have been quashed by the district court in a proceeding or an action in certiorari. State ex rel. Sisney v. Board of Commissioners, 27 N. M. 228, 199 P. 359.

It is familiar doctrine that injunction does not lie where there is a full, adequate, and complete remedy at law. We may assume for present purposes that the trial court might, or might better, have sustained the demurrer and relegated appellee to his legal remedy.

We think, however, that the present judgment need not be reversed on such ground. Since the adoption of the Code of Civil Procedure the question here raised does not involve the jurisdiction of the court. It goes only to the propriety of the remedy. If it was error to enjoin these officials from giving effect to or enforcing this resolution, it is harmless error, we think, and without prejudice to appellants, when we consider that the same judge, sitting as the same court, and on the same pleading, could have awarded the writ of certiorari, and, upon the same record, could have quashed the resolution.

The judgment will be affirmed, and the cause remanded. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.