Bertram Harnett, J.
The Schntzmans, who are law partners, believe that an advertisement for the book “ How To Avoid Lawyers ” disparages the entire legal profession and damages them in particular by making false and misleading statements. In suing Information Incorporated, the book publisher who placed the advertisement, and News Syndicate Co., Inc., publisher of the New York News, where, inter alia, the advertisement appeared, the Schutzmans seek an. injunction restraining the further publication of the advertisement. The defendants cross-moved to dismiss the complaint..
The complaint is dismissed for failure to state a cause of action rendering the motion for an injunction moot.
The drastic remedy of injunction may not be granted to enjoin publication of allegedly defamatory matter in the absence of compelling contrary circumstances. It has long been the rule in New York that a party who has been libeled is relegated to a suit for damages (Marlin Fire Arms Co. v. Shields, 171 N. Y. 384; Singer v. Romerrick Realty Corp., 255 App. Div. 715). This doctrine was reasserted in the recent case of University of Notre Dame v. Twentieth Century-Fox Film Corp. (22 A D 2d 452). The First Department reversed the granting of an injunction pendente lite and dismissed the complaint against the defendant. The suit arose out of Notre Dame’s claim that it was being defamed by the film “ John Coldfarb, Please Come Home ”. The court held that Notre Dame did not have the right to prohibit distribution of the film, and, if it could prove libel, it had a .remedy for damages at law. The question of whether circumstances of a particularly scurrilous libel or financial incapacity of a defendant will ever justify an injunction of a publication does not factually arise in these proceedings.
Substantively, the complaint must be dismissed because the plaintiffs have presented no grounds for which relief can be granted. There is no showing that the plaintiffs have been *829 defamed. If libel there was, and the court by no means finds this to be true, it was not sufficiently particular to constitute a libel of the plaintiffs. In New York State, the law does not recognize an action for defamation of an entire class (Eastwood v. Holmes, 1 Fost. & Fin. 347). It is only when a class that is referred to in disparaging or libelous terms is sufficiently small that they can only be intended to apply to each and every member of that class that a suit may be brought by a member of the class (Gross v. Cantor, 270 N. Y. 93; Weston v. Commercial Advertiser Assn., 184 N. Y. 479). The objectionable words must be libelous on their face and they cannot be made to do so by innuendo. Where defamation is charged that can only be found through tortured readings, the court will dismiss the complaint (Hayes v. American Defense Soc., 252 N. Y. 266).
The disputed advertisement stated in part: “ A breakthrough in frank self-help advice that the public has long deserved from the legal profession — so that you can stop 1 running scared ’ in legal matters — so that you protect your rights, avoid traps, stop being cheated, handle legal papers with surety and safety-take the inside track in handling the legal backbone of your life — often at a tremendous saving in time, worry and lawyers’ fees! ”
After the advertisement gave a chapter by chapter outline of the book, it stated in boldface at its end:
“ Plus-One more Crucial Chapter
“ A complete chapter on how to know when you really need a lawyer and how to find a good lawyer and get the most out of his services ”.
The plaintiffs’ complaint stated that the advertisement for How To Avoid Lawyers-. “ was meant and was intended to be understood to mean by those who read it, that the entire legal profession, including the plaintiffs * * * are not trustworthy * * * are not informed in the law, * * * are cheaters and as a consequence, ought to be avoided ”.
This intendment is not justified by a fair reading of the advertisement and can only be found by a twisted reading. On these facts, the complaint should be dismissed (Hayes v. American Defense Soc., supra.)
The plaintiffs have also suggested that the advertisement violates the Penal Law (§ 190.20) and the General Business Law (§ 350). The court agrees that false advertising is against the public policy of the State, but there is no showing that the advertisement was false, and, even if it were, the plaintiffs have no authority to enforce the allegedly violated statutes. It is the duty of the District Attorney to prosecute a violation of the *830 Penal Law. Enforcement of the General Business Law is in the province of the Attorney-General. The plaintiffs are without standing to bring actions with respect to these laws.
The plaintiffs have sought, but only in their brief, to avoid the well-established principles of the law of libel by characterizing their complaint as sounding in business disparagement or unfair competition and not in libel. The court is neither bound nor impressed by their characterization. It notes that the cases relied on by plaintiffs in support of their theory are themselves defamation cases. Black & Yates v. Mahogany Assn. (129 F. 2d 227) involved a situation where defamatory statements about a specific commodity and the persons who sold it were directed at a sufficiently small group that any member of the group could fairly state that he was being personally harmed when the' defamatory matter was directed at the group. In Alliance Vending Corp. v. Toukis (208 N. Y. S. 2d 48), there was a specific imputation to particular individuals and their business practices. ‘ Even in respect of an unfair competition charge, the plaintiffs neither plead nor prove the business unfairness nor the special damages necessary to obtain relief (Carnival Co. v. Metro-Goldwyn-Mayer, 23 A D 2d 75).
The court will not pass on any of the constitutional questions raised in this proceeding by the defendants, their resolution being unnecessary to the disposition of this action (Schieffelin v. Goldsmith, 253 N. Y. 243; St. Clair v. Yonkers Raceway, 13 N Y 2d 72).
For these reasons, the motion for an injunction is denied and the cross motion to dismiss is granted.