469 P.2d 710

**MESCALERO APACHE TRIBE, an Indian Tribe, Plaintiff-Appellant,**

**v.**

**Garland E. ALLEN, Defendant-Appellee.**

**No. 8911.**

Supreme Court of New Mexico.

May 25, 1970.

Fettinger, Bloom & Overstreet, F. Randolph Burroughs, Alamogordo, for appellant.

OPINION

COMPTON, Chief Justice.

The Mescalero Apache Tribe filed a complaint in the district court of Otero County seeking to enjoin and restrain Garland E. Allen from publishing allegedly defamatory statements about the tribe and its tribal court.

Allen had written a letter which was published in the "letters to the editor" section of the Otero County Tribune. The letter reads:

"Dear Editor

13 June 1968 to 15 June 1968 my car was illegally held by the Apache tribe Andrew Little Chief Judge refused to release my car I have worked at Mescalero as a police and put some of the Judges relatives in jail. This is the way he fights back and was put through a lot of harrassment and inconvenience also I was bitten by a dog and ruined a new truck tire I went to see Wendell Chino president of the Mescalero Apache tribe, he refused to talk to me. I went to see

562

Richard Wardlord he said he didn't know anything and didn't care anything about it. Mr. Gerary Sagas is having the document signed asking the removal of Andrew Little.

Yours truly

Garland E. Allen"

Allen moved for a dismissal on the grounds that the complaint failed to state a claim upon which relief could be granted, and that plaintiff had failed to join an indispensable party, obviously the tribal judge. The trial court granted the motion and plaintiff brings this appeal.

Assuming for purposes of this opinion that the publication is libelous, the dismissal should be affirmed as there was an adequate remedy at law available to the appellant. City of Las Cruces v. Rio Grande Gas Company, 78 N.M. 350, 431 P.2d 492; State ex rel. State Tax Comm. v. First Judicial District Court, 69 N.M. 295, 366 P.2d 143; Frank A. Hubbell Co. v. Gutierrez, 37 N.M. 309, 22 P.2d 225; Schutzman & Schutzman v. News Syndicate Co., 60 Misc.2d 827, 304 N.Y.S.2d 167; Kwass v. Kersey, 139 W.Va. 497, 81 S.E. 2d 237, 47 A.L.R.2d 695. See Annot., 47 A.L.R.2d 715.

Appellant asserts, however, that this case falls within the exceptions to the general rule. It claims that such libelous attacks upon the integrity of the tribe and the tribal court cannot be measured in monetary terms, and that continuation of such libelous publications would injure tribal integrity and interfere with performance by appellant of its administrative functions.

We must disagree. While this court recognizes that recovery of monetary damages in an action at law will not necessarily have the effect of deterring the offending party from continuing his libelous attacks, a court of equity will not enjoin threatened commission of libel or slander where no continuing irreparable injury not compensable in a court of law is shown. Murphy v. Daytona Beach Humane Society, Inc., 176 So.2d 922 (Fla.App.1965). The complaint does not allege that appel-

lee will continue his attacks upon the tribe, and there is nothing to support the contention that further libelous letters will be written.

The complaint having failed to state grounds for relief, it would serve no beneficial purpose to discuss whether the complaint failed to name an indispensable party.

The judgment will be affirmed.

It is so ordered.

SISK and McKENNA, JJ., concur.