CHURCH OF SCIENTOLOGY OF CALI-
FORNIA and Founding Church of
Scientology of Washington, D. C., Plain-
tiffs,

v.

James SIEGELMAN, Flo Conway, J. B.
Lippincott Company and Morris
Deutsch, Defendants.

No. 79 Civ. 1166(GLG).

United States District Court,
S. D. New York.

Dec. 19, 1979.

Cohn, Glickstein, Lurie, Ostrin & Lubell,
New York City, for plaintiffs by Jonathan
W. Lubell, Audrey J. Isaacs, New York
City, of counsel.

Rosner & Rosner, New York City, for
defendant, Deutsch by Jonathan L. Rosner,
New York City, of counsel.

OPINION

GOETTEL, District Judge:

In this libel action brought by two
branches of the Church of Scientology, de-
fendant Morris Deutsch has moved to rear-
gue many of the issues decided by the Court
in its opinion of August 27, 1979. *Church
of Scientology of California v. Siegelman*,
475 F.Supp. 950 (S.D.N.Y.1979).

The facts of this action are set forth in
detail in the August 27th decision. Defend-
ant Deutsch now asserts that the Court
erred in failing to dismiss the action as
against him. In essence he argues that
because the statements allegedly made by
him were directed at the Scientology move-
ment in general, and not at either of the
instant plaintiffs, neither of these plaintiffs
was defamed or, consequently, damaged.

■ In order to make out a cause of action for libel a plaintiff must establish that the alleged defamatory remark was directed at some specific individual or group and not merely at an "indeterminate class." *Gross v. Cantor*, 270 N.Y. 93, 96, 200 N.E. 592, 593 (1936); *Schutzman & Schutzman v. News Syndicate Co.*, 60 Misc.2d 827, 304 N.Y.S.2d 167 (Sup.Ct.1969). Where the defamatory remark is found to be directed at a "small" group as a whole, however, it has been held that suit may be brought by any member of that group. *Neiman-Marcus v. Lait*, 13 F.R.D. 311, 315 (S.D.N.Y.1952). *See Arcand v. Evening Call Publishing Co.*, 567 F.2d 1163, 1164–65 (1st Cir. 1977).

The defendant asserts that the alleged defamatory remarks refer to the overall, worldwide Scientology movement, of which there are more than five million members (over three million members in the United States) and numerous organizational instrumentalities. Accordingly, as the group allegedly defamed is extremely large, the defendant claims that no individual within that group can sue absent proof that that individual was a specific target of the defamatory language. *See Neiman-Marcus v. Lait, supra.*

Conversely, the plaintiff asserts that the alleged defamatory language relates to the very limited group of Churches of Scientology in the United States. As there are only twenty-two such churches within that group, the plaintiffs claim that all members of the group can sue. *See Gross v. Cantor, supra.*

■ Where the truth lies in this matter is somewhat unclear. The Court believes, after having closely examined the alleged defamatory language in the complaint, that the plaintiff will have difficulty proving that the language relates to the limited group of Churches of Scientology. Nevertheless, we cannot say at this time, as a matter of law, that they will not be able to do so, and thus show that the alleged defamation related to these plaintiffs. *See Fetler v. Houghton Mifflin Co.*, 364 F.2d 650 (2d Cir. 1966). *See also Bindrim v. Mitchell*, 92 Cal.App.3d 61, 155 Cal.Rptr. 29 (1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 490, 62 L.Ed.2d 412 (1979). Accordingly, the defendant's motion to reargue as to this point is denied.

In its August 27th opinion the Court expressed its doubts as to the ability of the plaintiffs to prove the existence of the "actual malice" on the part of the defendant that is necessary in order to establish his liability. *Church of Scientology of California v. Siegelman, supra*, 475 F.Supp. at 955. The Court has now expressed its doubts as to the ability of the plaintiffs to demonstrate that the alleged defamatory remarks made were directed at them rather than at some far larger group. Nevertheless, as to both issues discovery has not as yet been completed,[1] and the Court believes it would be premature to reach any final determination on these issues. However, in view of the importance of preventing potentially frivolous suits where first amendment rights are concerned, and in view of the continuing appropriateness of summary judgment (though apparently limited by the Supreme Court's recent decision in *Hutchinson v. Proximire*, —— U.S. ——, 99 S.Ct. 2675, 2680 n. 9, 61 L.Ed.2d 411 (1979)) as a means through which to resolve many such cases, *see Nader v. De Toledano*, (D.C.Cir., July 31, 1979), the Court makes its determination as to the instant motion, as it did as to the defendant's previous motion, without prejudice to renewal upon completion of discovery.[2]

■ Finally, the defendant has asserted that the Court also erred in dismissing his

---

1. Discovery in this action has, it appears, been proceeding at a less than rapid pace, with frequent disputes arising between the parties.

2. In this regard the Court reaffirms its statement in *Church of Scientology of California v. Siegelman, supra*, 475 F.Supp. at 956 n. 16, that "should it be ultimately determined that this suit was brought without cause, or for the purpose of harassment, the Court will not hesitate to order the imposition of counsel fees upon the plaintiff. *See Nemeroff v. Abelson*, 469 F.Supp. 630 (S.D.N.Y.1979)."

counterclaims that alleged violations of 42 U.S.C. § 1985(3). In this regard, and contrary to the defendant's assertions, the Court has previously considered and rejected as insufficient for section 1985 purposes, the overbroad class, which has been characterized as consisting of members, former members, and persons disseminating information about, the Church of Scientology, but which in essence is made up of persons who are critics of the Church. *Church of Scientology of California v. Siegelman, supra,* 475 F.Supp. at 957 n. 19. Having been presented with no compelling reason why this result should be modified or reversed, the Court reaffirms its conclusion that this "vague and amorphous class was not formed on the basis of any invidious criteria," *id.,* 475 F.Supp. 957 and, accordingly, that the defendant's counterclaims brought under section 1985 must be dismissed.

The defendant Deutsch's motion for reargument is, at this time, denied in all respects.

SO ORDERED.