WALTER J. MIKOLINSKI, JR., & another *vs.* BURT REYNOLDS PRODUCTION COMPANY & others. September 19, 1980. The judge did not err in allowing the defendants' motion to dismiss the complaint. Although there appear to be no Massachusetts cases on the point, the judge followed the overwhelming weight of authority in ruling that the defendants' alleged defamation of persons of Polish descent in the movie "The End" did not give rise to a civil cause of action by the individual plaintiff, who is of that national derivation. See *Neiman-Marcus* v. *Lait,* 13 F.R.D. 311, 315 316-317 (S.D.N.Y. 1952); *Arcand* v. *Evening Call Publishing Co.,* 567 F.2d 1163, 1164 (1st Cir. 1977); Prosser, Torts § 111, at 749-751 (4th ed. 1971); Restatement (Second) of Torts § 564A, Comment a (1977); Annot., Right of Individual Member of Class or Group Referred to in a Defamatory Publication to Maintain Action for Libel or Slander, 70 A.L.R.2d 1382 (1960). Compare G. L. c. 272, § 98C (criminal penalty for group defamation based on race, color or religion). Styling the suit a "class action" does not alter the result, because "if no single member of [the group] could have stated a cause of action against [the] defendant[s], neither can all of them together." *Mullins* v. *Brando,* 13 Cal. App. 3d 409, 423 (1970), cert. denied sub nom. *Brando* v. *Coffman,* 403 U.S. 923 (1971). The corporate plaintiff, the Polish-American Guardian Society, has no cause of action, as it was not the object of the alleged defamations. *Michigan United Conservation Clubs* v. *CBS News,* 485 F. Supp. 893, 900-901 (W.D. Mich. 1980). Contrast *Finnish Temperance Soc. Sovittaja* v. *Finnish Socialistic Publishing Co.,* 238 Mass. 345, 354 (1921). It also seems obvious that a corporation cannot lay claim for emotional distress; and if, as we think is not the case, the complaint had set out the elements of a cause of action for emotional distress, see *Agis* v. *Howard Johnson Co.,* 371 Mass. 140, 144-145 (1976), on behalf of individuals of Polish descent, we think that such an action would be subject to the same limitation as an

action for group libel: namely, that the allegedly defamatory remark be directed at some specific individual or individuals and not merely at an indeterminate class. *Church of Scientology* v. *Siegelman,* 481 F. Supp. 866, 867 (S.D.N.Y. 1979).

*Judgment affirmed.*


*Richard H. Gens* for the plaintiffs.
*Peter G. Hermes & Harvey Weiner* for the defendants.