■ STS MANAGEMENT DEVELOPMENT, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [716 NYS2d 67] —In an action, *inter alia*, to recover damages pursuant to 42 USC §§ 1983, 1985, and 18 USC § 1962, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated August 20, 1999, as granted those branches of the defendants' motion which were to dismiss the fourth through fifteenth causes of action and the first, second, and third causes of action insofar as asserted against the defendants New York State Department of Taxation and Finance, James W. Wetzler, William F. Collins, Laura Bell, Robert Hay, and Scott Presser.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, two limousine companies and their owner, commenced this action against the New York State Department of Taxation and Finance (hereinafter the Department of Taxation) and several of its employees claiming that they imposed certain tax assessments in retaliation for the plaintiffs' successful appeal of a prior assessment.

The Supreme Court properly dismissed the causes of action based on 42 USC §§ 1983 and 1985 insofar as they were asserted against the Department of Taxation on the ground that it was not a "person" within the meaning of the Federal statute (*see, Will v Michigan Dept. of State Police*, 491 US 58). The Supreme Court also properly dismissed these causes of actions insofar as they were asserted against the defendants James W. Wetzler, William F. Collins, Laura Bell, Robert Hay, and Scott Presser on the ground that the pleadings, which indicated that

these defendants had very little, if any, involvement in this matter, failed to state a cause of action against them.

As for the 12 causes of action based on the Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO), the Supreme Court correctly determined that the Department of Taxation did not constitute an "enterprise" within the meaning of the RICO statute (*see,* 18 USC § 1961 [4]; *Riverwoods Chappaqua Corp. v Marine Midland Bank,* 30 F3d 339). The individual defendants also did not constitute an association-in-fact enterprise. At best, the allegations, liberally construed, established that this was a loose association of co-workers who worked together on the audit of two related companies. In the absence of an ongoing enterprise, the RICO claims must fail (*see, Living Music Records v Moss Music Group,* 827 F Supp 974).

Contrary to the plaintiffs' contention, the causes of action based on 18 USC § 1962 (b) were properly dismissed on the additional ground that the plaintiffs failed to plead any facts to support a finding that the individual defendants acquired or maintained control over the Department of Taxation through a pattern of racketeering activity (*see, Discon, Inc. v NYNEX Corp.,* 93 F3d 1055). Similarly, the RICO claims based on the predicate act of mail fraud cannot be sustained in the absence of specific facts giving rise to a strong inference that the defendants possessed the requisite fraudulent intent (*see, S.Q.K.F.C., Inc. v Bell Atl. TriCon Leasing Corp.,* 84 F3d 629; *Browning Ave. Realty Corp. v Rosenshein,* 774 F Supp 129). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.