[736 NYS2d 708]

BESICORP, LTD., Appellant, v ALAN R. KAHN et al., Respondents, et al., Defendants.

Third Department, January 10, 2002

## APPEARANCES OF COUNSEL

*Terrance G. Reed*, Alexandria, Virginia (*John D'Ercole* of *Robinson, Brog, Leinwand, Greene, Genovese & Gluck P. C.,* New York City, of counsel), for appellant.

*Prosksuer Rose L. L. P.,* New York City (*Dale A. Schreiber* of counsel), and *Harnes Keller L. L. P.,* for Alan R. Kahn, respondent.

*Howard C. St. John & Associates*, Kingston (*Howard C. St. John* of counsel), for Estate of James Lichtenberg, respondent.

*Schoeman, Updike & Kaufman L. L. P.*, New York City (*Michael E. Schoeman* of counsel), for Vee Hockmeyer, respondent.

*Rizzo & Kelley*, Poughkeepsie (*Eugene J. Rizzo* of counsel), for Paul Vannuki, respondent.

*Spiegel, Brown, Fichera & Acard L. L. P.*, Poughkeepsie (*Donald D. Brown, Jr.*, of counsel), for Paul Shaheen and another, respondents.

## OPINION OF THE COURT

PETERS, J.

Plaintiff, a New York corporation, commenced an action in September 1999 against Alan R. Kahn, Paul Vannuki, Vee Hockmeyer, James Lichtenberg and Paul Shaheen,[1] as well as against Debra Berenda, a former employee, and others alleging a conspiracy to gain corporate control of plaintiff from its current governing group.[2] Lichtenberg died prior to service of the summons and complaint upon him; plaintiff's motion for an extension of time to serve the administrator of Lichtenberg's estate was denied.

The complaint alleged both State and Federal causes of action. The State claims asserted tortious interference with prospective economic advantage, business disparagement, prima facie tort, civil conspiracy, and breach of contract. The Federal claims were pursuant to the civil liability provisions of the Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO; see, 18 USC § 1964) predicated on violations of 18 USC § 1964 (b), (c) and (d). The gravamen of the complaint was the numerous alleged communications made by defendants which allegedly disparaged either plaintiff or Michael Zinn, plaintiff's founder and majority shareholder. Plaintiff cites to, inter alia, an allegedly meritless class action lawsuit initiated by Kahn in 1993 (hereinafter the Kahn lawsuit) which was ultimately dismissed, false allegations of criminal conduct made to the Federal Aviation Administration, statements made by Kahn during a September 1997 shareholders' meeting alleging embezzlement by Zinn, as well as a "letter writing campaign" urging that Zinn, convicted of using corporate funds to make illegal campaign contributions, be sentenced to a lengthy term of incarceration. Plaintiff further alleged that Kahn had used the internet on three separate occasions in October 1998 to encourage other shareholders to review the allegations in the Kahn lawsuit as well as those contained in a shareholder derivative suit commenced against plaintiff in May 1993 (hereinafter the Lichtenberg derivative suit) which was ultimately dismissed in December 1997.

Vannuki, Hockmeyer, Shaheen, Berenda and Kahn (herein after collectively referred to as defendants) each moved to

---

1. Shaheen was also formerly plaintiff's assistant general counsel.

2. The record reflects that plaintiff was assigned certain assets of Besicorp Group, Inc., including its rights and interests with respect to this claim. For the purposes of these proceedings, the parties have referred to these entities as Besicorp.

dismiss the complaint pursuant to CPLR 3211. Supreme Court granted defendants' motions, reasoning that to the extent that the claims were based on defamatory statements, the one-year Statute of Limitations rendered these causes of action untimely and, as to those statements made within the year preceding the commencement of the action, the allegations were not stated with particularity. Further concluding that New York does not recognize a cause of action for civil conspiracy and that the breach of contract cause of action was insufficiently pleaded and untimely, those causes of action were dismissed as well. As to the causes of action premised on civil RICO liability, the court concluded that plaintiff failed to establish the requisite predicate acts. Plaintiff appeals from the dismissal of its complaint and the denial of its motion to extend the time to serve the estate of Lichtenberg.[3]

■ Addressing the claim alleging business disparagement and accepting the allegations as true for the purposes of these motions (*see, Pravda v County of Saratoga*, 224 AD2d 764, 766, *lv denied* 88 NY2d 809), we agree that the claim amounts to allegations of damage to plaintiff's reputation (*see, Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264; *Ramsay v Mary Imogene Bassett Hosp.*, 113 AD2d 149, 151, *appeal dismissed* 67 NY2d 608) and, thus, the one-year Statute of Limitations of CPLR 215 is applicable (*see, Schutzman & Schutzman v News Syndicate Co.*, 60 Misc 2d 827, 830). Had the allegations been timely made, the claim would still be dismissed because the defamatory statements were not set forth *in haec verba* (*see,* CPLR 3016 [a]; *Conley v Gravitt*, 133 AD2d 966, 968).

■ Next, we agree with plaintiff that the claims alleging tortious interference with prospective economic advantage and prima facie tort should be subject to a three-year Statute of Limitations. Nonetheless, both causes of action must be dismissed. Rather than alleging that defendants' conduct was motivated solely by malice or a desire to inflict injury by unlawful or wrongful means as required, plaintiff alleges that defendants were motivated by their desire to *maximize* their financial gain in connection with their investment in plaintiff (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333; *Maas v Cornell Univ.*, 245 AD2d 728, 731; *Matter of Entertainment Partners Group v Davis*, 198 AD2d 63, 64).

---

**3.** As plaintiff does not challenge the dismissal of the cause of action for civil conspiracy, we need not address it.

◼ Nor do we find error in the dismissal of the action against Berenda for breach of contract. The complaint alleges that during the mid-1990s, Berenda gave plaintiff's confidential business records to Lichtenberg in violation of a confidentiality agreement and that Lichtenberg, aided by the disclosures, commenced his derivative suit in May 1993. Giving every favorable inference to the allegations in the complaint (*see, Metz v Coopers & Lybrand*, 210 AD2d 624, 626), the alleged breach would have occurred more than six years prior to the commencement of this action in September 1999. Thus, it is time barred (*see*, CPLR 213 [2]).

We next review the dismissal of the civil RICO violations upon which courts have imposed a heightened pleading requirement (*see, CFJ Assocs. v Hanson Indus.*, 274 AD2d 892, 896) because such assertion has been found to be " 'an unusually potent weapon—the litigation equivalent of a thermonuclear device' " (*Schmidt v Fleet Bank*, 16 F Supp 2d 340, 346, quoting *Katzman v Victoria's Secret Catalogue*, 167 FRD 649, 655). Plaintiff contends that the complaint alleges both a conspiracy to violate 18 USC § 1962 (b) in violation of RICO's conspiracy provision (*see*, 18 USC § 1962 [d]), as well as a substantive violation under 18 USC § 1962 (c).

◼ Liability under 18 USC § 1962 (b) requires a showing that a person, "through a pattern of racketeering activity * * * acquire[s] or maintain[s], directly or indirectly, any interest in or control of any enterprise which is engaged in * * * interstate or foreign commerce." Plaintiff's claim wholly fails to plead any facts showing that defendants maintained or acquired control of plaintiff through alleged racketeering activity (*see, Discon, Inc. v NYNEX Corp.*, 93 F3d 1055, 1062-1063), *vacated on other grounds* 525 US 128; *STS Mgt. Dev. v New York State Dept. of Taxation & Fin.*, 277 AD2d 308, 309; Smith and Reed, Civil RICO ¶ 5.03); plaintiff's allegations that defendants unlawfully conspired to acquire control over plaintiff and that plaintiff suffered an injury as a result thereof is simply insufficient.

Turning to the claim alleging a substantive civil RICO violation under 18 USC § 1962 (c), the statute provides as follows:

> "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs

through *a pattern of racketeering activity* or collection of unlawful debt" (emphasis supplied).

To establish a "pattern of racketeering activity" (18 USC § 1961 [5]), plaintiff alleges mail and wire fraud in violation of 18 USC §§ 1343 and 1346, extortion pursuant to 18 USC § 1951, and interstate travel to facilitate said extortion in violation of 18 USC § 1952.

To sustain a claim under the mail fraud statute, "[a] plaintiff[ ] must establish the existence of a fraudulent scheme and a mailing in furtherance of the scheme" (*McLaughlin v Anderson*, 962 F2d 187, 190-191). Aside from showing that defendant " ' "caused" the mailing,' " it must further be demonstrated " 'that the mailing was for the purpose of executing the scheme or * * * "incidental to an essential part of the scheme" ' " (*id.*, at 191, quoting *United States v Bortnovsky*, 879 F2d 30, 36, quoting *Pereira v United States*, 347 US 1, 8-9). Here, plaintiff failed to specify what defendants allegedly obtained as a consequence of the fraud (*see, Ritchie v Carvel Corp.*, 180 AD2d 786, 787), the manner in which any mailing or wiring was fraudulent, and how the purpose of each such mailing fit within defendants' fraudulent scheme (*see, McLaughlin v Anderson, supra*, at 191; *Cosmas v Hassett*, 886 F2d 8, 11; *CFJ Assocs. v Hanson Indus.*, 274 AD2d 892, 896, *supra*). Moreover, the complaint failed to allege how there was reliance on the allegedly fraudulent representation or that such reliance caused plaintiff's injury (*see, e.g., Metromedia Co. v Fugazy*, 983 F2d 350, 368, *cert denied* 508 US 952; *Piccone v Board of Directors of Doctors Hosp.*, 2000 WL 1219391, *5, 2000 US Dist LEXIS 12249, *14 [SD NY, Aug. 28, 2000, Mukasey, J.]). With these allegations subject to a heightened pleading requirement, the lack of particularity in asserting the claim was fatal.

As to the alleged violation of 18 USC § 1952, we find the pleading again deficient. It is insufficient to simply state that various defendants "traveled across interstate lines (to wit, into New York state) on or about September 22, 1995 and on or about September 24, 1997 for the purposes of promoting the offense of extortion." Inasmuch as the aforementioned predicate claims are the basis for plaintiff's extortion claim, it too must fail and, to the extent that the extortion claim is premised upon the filing of allegedly meritless lawsuits or other legal action, it remains unavailing (*see, Park S. Assocs. v Fischbein*, 626 F Supp 1108, 1114, *affd* 800 F2d 1128; *Goldberg v Merrill Lynch, Pierce, Fenner & Smith*, 1998 WL 50200, *5, 1998 US Dist LEXIS 1187, *13-14 [SD NY, Feb. 9, 1998, Patterson, J.]).

Having failed to sufficiently plead two or more predicate acts under RICO, the cause of action based on 18 USC § 1962 (c) was properly dismissed. As the remaining cause of action under 18 USC § 1962 (d) is premised upon a conspiracy to have committed the predicate acts discussed above, this cause of action must also fail (*see, Discon, Inc. v NYNEX Corp.*, 93 F3d 1055, 1064, *supra*; *Lightning Lube v Witco Corp.*, 4 F3d 1153, 1191).

Given our determination, we need not address whether Supreme Court erred in denying plaintiff's motion to extend the time within which to serve the summons and complaint upon the estate of Lichtenberg.

MERCURE, J. P., CREW III, CARPINELLO and MUGGLIN, JJ., concur.

Ordered that the order is affirmed, without costs.