Memorandum. The order of the Appellate Division should be reversed, with costs, and the certified question answered in the negative. There was no reservation of rights in the unlimited general release given on May 16, 1968 to the other joint tort-feasors, and, hence, the infant respondent’s parents, against whom this new action has been brought, were discharged from any alleged tort liability on their part (Oliver v Washburn, 46 AD2d 977, affd 39 NY2d 989; Berlow v New York State Thruway Auth., 29 NY2d 949; Milks v Mclver, 264 NY 267). The record does not suggest the existence of mutual *860 mistake or any other ground upon which rescission of the release may be granted (see Lucio v Curran, 2 NY2d 157, 161; Frehe v Schildwachter, 289 NY 250, 253; compare Mangini v McClurg, 24 NY2d 556).
This court’s subsequent holding in Gelbman v Gelbman (23 NY2d 434), a case decided January 9, 1969, did not create any new liability which was not encompassed by the general release, but merely removed a judicially created impediment to intrafamilial tort actions. Furthermore, Gelbman (p 439) was deemed retrospectively applicable only to "matters which have not gone to final judgment”. Here the order of compromise authorizing the execution of a general release operated as a final judgment pursuant to CPLR 1207 which provides that an order of compromise, issued upon judicial approval of the settlement of an infant’s claim, as occurred here, "shall have the effect of a judgment”. The unilateral modification on August 26, 1970 of the order of compromise, effected two years following the entry of the original order, does not alter the effect of the original order or the general release executed pursuant to its direction. The release having been given in 1968, section 15-108 of the General Obligations Law (eff Sept. 1, 1972) does not affect the disposition of this case (see Oliver v Washburn, supra).
It should be noted that, procedurally, the Appellate Division affirmed an order denying defendants’ motion to amend their answer to plead a defense of general release. Whether to permit a party to amend a pleading is generally a matter of discretion for the trial court and, on review, the Appellate Division. We do not review their exercise of the discretionary power (Harriss v Tams, 258 NY 229, 240). This appeal from a nonfinal order is here upon a certified question and, generally, "Where the decision could turn, either exclusively or alternatively, on the exercise of discretion, any question of law certified by the Appellate Division could not be considered decisive” (Rosemont Enterprises v Irving, 41 NY2d 829; Patrician Plastic Corp. v Bernadel Realty Corp., 25 NY2d 599, 605). In this case, however, the trial court permitted, and the Appellate Division affirmed, amendment of the defendants’ answer in other respects. Therefore, it may reasonably be concluded that the courts below would have permitted the amendment, in discretion, had they believed the defense available as a matter of law.
Accordingly, the order of the Appellate Division should be *861 reversed, with costs, and appellants granted leave to serve an amended answer asserting the defense of general release.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and appellants granted leave to serve an amended answer asserting the defense of general release in a memorandum. Question certified answered in the negative.