OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
 

 Plaintiff, a workers’ compensation insurance carrier, commenced this action to enforce its lien for past benefits paid to the employee-claimant, Joseph Walsh, on an $85,000 settlement received by Walsh in a third-party action (see Workers’ Compensation Law, § 29, subd 1). Plaintiff, at the time of the recovery, had paid Walsh $16,567.14 in benefits.
 

 Plaintiff moved for summary judgment to enforce its lien, less the amount deemed to be its equitable share of the litigation costs incurred by claimant in the third-party action. Supreme Court held that plaintiff’s lien should be reduced by claimant’s costs in recovering that amount of the settlement proceeds that inure to plaintiff through its recoupment of past benefits paid and through the extinguishment of the future benefits, if any, that plaintiff would have been obligated to pay but for the recovery (see,
 
 *801
 
 generally,
 
 Castleberry v Hudson Val. Asphalt Corp.,
 
 70 AD2d 228, 249-250 [Shapiro, J., dissenting]). The papers before the court were found to be insufficient to determine whether plaintiff was obligated to pay claimant any future compensation benefits and the matter was referred for a hearing on this issue. The Appellate Division affirmed and granted leave to appeal to this court on a certified question.
 

 The sole issue presented is whether, in the event that plaintiff is found to be obligated to claimant for future compensation payments, the court may consider the extinguishment of this obligation due to claimant’s recovery as a benefit to plaintiff against which plaintiff’s share of litigation costs may be assessed. In equitably apportioning litigation costs to plaintiff, the court should consider the total benefit the carrier has derived from the recovery, including any relief from a future obligation to make compensation payments
 
 (Matter of Kelly v State Ins. Fund,
 
 60 NY2d 131).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
 

 Order affirmed, etc.