DENNIS GOGA, Appellant, v GULF OIL CORPORATION et al., Defendants and Third-Party Plaintiffs. DEAN A. CALICE, Doing Business as DEAN CALICE CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. STATE INSURANCE FUND, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered November 19, 1982 in Broome County, which denied plaintiff's motion for attorney's fees pursuant to subdivision 1 of section 29 of the Workers' Compensation Law. Plaintiff was injured on June 9, 1978 while cleaning and retubing a sign for his employer, Dean Calice Construction Company (Calice), at a service station owned and operated by Peter Lutsic. Peter Lutsic is a dealer who leased the premises from the Gulf Oil Corporation (Gulf). Gulf contracted with Calice to perform maintenance and repair work. Plaintiff was paid workers' compensation benefits of $7,314.14 from the State Insurance Fund (SIF), the compensation insurer for Calice's workers. Plaintiff sued Gulf and Lutsic for their negligence in causing his injury. Gulf and Lutsic impleaded Calice under theories of indemnity and contribution. Calice had liability insurance through SIF. After the case was reached for trial in the Supreme Court, the parties entered into a settlement stipulation for $34,814.14 as follows: Gulf Oil Corporation, $16,000; Peter Lutsic, $11,000; and Dean Calice, $7,814.14 (a $500 contribution plus a waiver

of SIF's workers' compensation lien of $7,314.14). A dispute arose concerning apportionment of the attorney's fees. Pursuant to subdivision 1 of section 29 of the Workers' Compensation Law, plaintiff moved for an apportionment of those fees. Special Term ruled that attorney's fees were to be computed based on the $27,500 in "fresh money" contributed and that the lien waiver was not to be included in this computation. Thus, SIF was not required to contribute attorney's fees on their lien waiver. This appeal by plaintiff ensued. Plaintiff's contention that the lien waiver of $7,314.14 benefited SIF and that SIF should, therefore, contribute one third of the $7,314.14, representing attorney's fees incurred in recovering the carrier's lien, is well taken (*Matter of Kelly v State Ins. Fund,* 60 NY2d 131; *United States Fid. & Guar. Co. v 38 East 29th St.,* 60 NY2d 799; *Matter of Van Deusen v United States Fid. & Guar. Co.,* 81 AD2d 1026, 1027; see *Matter of Purtill,* 111 Misc 2d 916, 920). The order entered at Special Term should be reversed and plaintiff's motion for an apportionment of attorney's fees of one third of $7,314.14 to be paid by SIF granted. Here, the waiver of lien by SIF was made in its capacity as a liability insurer and was in fact a contribution of money in that capacity. The recovery of that amount by plaintiff in his third-party action was certainly a benefit to SIF. The situation at bar is, therefore, comparable to that found in *Van Deusen (supra)*. In such circumstances, the compensation carrier's equitable share of litigation costs (including attorney's fees) incurred by the claimant in recovering damages in his third-party action may properly be apportioned on the basis of the total benefit that the carrier derived from claimant's recovery (*Matter of Kelly v State Ins. Fund, supra,* p 135). Further, we note that in *Kelly (supra),* the Court of Appeals held it irrelevant to the question of equitable apportionment of attorney's fees that the compensation carrier wore two hats, one as compensation carrier and the other as liability insurer. An employee has no control over the insurance coverage selected by his employer. The argument raised by Calice and SIF that the settlement stipulation contained a waiver of plaintiff's right to seek an apportionment of attorney's fees pursuant to subdivision 1 of section 29 of the Workers' Compensation Law is without support in the record. Plaintiff only waived his right to costs and disbursements incurred in obtaining the settlement. Attorney's fees are not mentioned in this waiver. Order reversed, on the law, with costs, and motion for apportionment of attorney's fees amounting to one third of $7,314.14 to be paid by respondent State Insurance Fund granted. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.