Donald Ianielli, Appellant, v North River Insurance Company, Respondent.

Second Department, October 6, 1986

**APPEARANCES OF COUNSEL**

*Joseph G. Gorayeb* for appellant.

*Paul, Weiss, Rifkind, Wharton & Garrison (Robert S. Smith* of counsel), for respondent.

*Milberg Weiss Bershad Specthrie & Lerach (Lawrence Milberg* and *Jeremy Heisler* of counsel), *Fuchsberg & Fuchsberg* and *Willard M. Pottle, Jr., P. C.,* for Michael J. Burke and another, *amici curiae.* (One brief filed.)

### OPINION OF THE COURT

WEINSTEIN, J.

Involved herein is the apportionment of a workers' compensation carrier's equitable share of litigation costs incurred by a claimant who has been successful in the prosecution of his third-party action. Although the pattern for such apportionment has been set forth in the case of *Matter of Kelly v State Ins. Fund* (60 NY2d 131; *accord, United States Fid. & Guar. Co. v 38 E. 29 St.,* 60 NY2d 799), the instant matter was settled prior to the date of the *Matter of Kelly* decision. The plaintiff nevertheless seeks the full benefit of apportionment under the total benefit theory enunciated by the Court of Appeals in *Matter of Kelly v State Ins. Fund (supra).* Inasmuch as the underlying litigation had already been terminated by virtue of the settlement and signed release, we reject the plaintiff's argument that his claim for apportionment should be reevaluated in light of the subsequent Court of Appeals pronouncement. On the facts to be discussed herein, we conclude that Special Term properly denied the plaintiff's application and granted the defendant's motion to dismiss the complaint.

On July 30, 1980, the plaintiff sustained injuries in a serious accident in the course of his employment by Union Erection Corp. as a result of which a workers' compensation claim was filed against Crum & Forster Corp., the designated workers' compensation insurance carrier for the plaintiff's employer. In addition to filing for workers' compensation and while that claim was open and pending, the plaintiff instituted a third-party liability action against Polera Building Corp. and the State University Construction Fund. Several additional parties were thereafter impleaded, including the plaintiff's employer. The third-party action was ultimately settled pursuant to a stipulation entered in open court before Justice Arthur D. Spatt. The plaintiff agreed to accept a settlement of $3.25 million in satisfaction of his claims. He further acknowledged the existence of a lien by the compensation carrier of over

$300,000, two thirds of which would be deducted from his share of the recovery. Although not explicitly set forth at the settlement conference, pursuant to Workers' Compensation Law § 29 (1) the defendant insurer was liable to the plaintiff's attorney for the remaining one third of its compensation lien recovery as its pro rata share of the litigation costs incurred by the plaintiff. The plaintiff, moreover, had no objection to the deduction of the balance of his attorney's fees and litigation costs from his share of the recovery. The parties stipulated that all complaints, cross complaints and third-party actions would be discontinued or dismissed with prejudice. The apportionment of liability against the various other defendants in the third-party action is not the subject matter of this appeal.

By virtue of the plaintiff's acceptance of the settlement, the defendant was relieved, to the extent of the amount of the settlement less its lien, of its obligation to continue making workers' compensation payments to the plaintiff in futuro.

Subsequent to the settlement, the Court of Appeals decided *Matter of Kelly v State Ins. Fund (supra).* The court therein construed Workers' Compensation Law § 29 (1) to permit an assessment of a compensation carrier's equitable share of litigation costs incurred by a claimant as a percentage of the total of the amount of past benefits paid, which the carrier will recoup by enforcing its lien in that amount on the recovery, and the present value of estimated future benefits to the claimant, which the carrier will no longer have to incur due to the claimant's recovery in the third-party action. The court's reasoning in this regard is illustrative. "When an employee brings a third-party action and recovers an amount greater than the amount of his or her statutory entitlement to compensation, there is no question that the carrier benefits not only by the recovery of its lien but also by the value of estimated future compensation payments that, but for the employee's efforts, the carrier would have been obligated to make. There being nothing in the amendment [to Workers' Compensation Law § 29 (1) (L 1975, ch 190)], either express or implied, limiting a court's power to assess costs against a carrier's relief from its obligation to pay future benefits, the purpose of the amendment is served by an allocation formula that takes into consideration the full benefit a carrier receives from an employee's recovery in a third-party action" *(Matter of Kelly v State Ins. Fund, supra,* at p 138).

Prior to the *Matter of Kelly (supra)* decision, this court had

held with regard to apportioning attorney's fees in situations of this nature, that a compensation carrier should ordinarily contribute only in proportion to the actual benefit it derives from the recovery, i.e., satisfaction of its lien for workers' compensation benefits paid *(Castleberry v Hudson Val. Asphalt Corp.,* 70 AD2d 228). In an attempt to avail himself of the more advantageous "total benefit" formula set forth in *Matter of Kelly,* the plaintiff, subsequent to the settlement, commenced this action against the defendant Crum & Forster Corp. seeking a credit or payment of the defendant's pro rata share of litigation costs based upon future workers' compensation benefits for which the defendant would have been liable to plaintiff had not the settlement been effected. Inasmuch as Crum & Forster Corp. merely supervised claims filed against certain affiliated and subsidiary insurance companies including the North River Insurance Company, which provided both workers' compensation coverage and liability coverage for Union Erection Corp., the parties thereafter stipulated to substitute the North River Insurance Company as the defendant in this action.

The defendant moved to dismiss the complaint maintaining, *inter alia,* that the stipulation of settlement constituted a final and binding agreement to resolve any and all of the plaintiff's claims including his claim for additional apportionment of litigation costs under Workers' Compensation Law § 29 (1). The plaintiff cross-moved for summary judgment on the ground that there exists no triable issue of fact inasmuch as *Matter of Kelly (supra)* unequivocally requires the defendant to pay its pro rata share of litigation costs for all benefits received by it, both with respect to its existing lien as well as to the present value of future benefits it will be relieved of paying.

In a decision dated June 11, 1985, Special Term held that the plaintiff was not entitled to benefit from the change in decisional law since his third-party action had terminated prior to that change and was no longer in the normal litigating process. The plaintiff now argues that his stipulation of settlement was not the functional equivalent of a waiver of his rights under Workers' Compensation Law § 29 (1) and advocates a retroactive application of *Matter of Kelly (supra).*

The retroactivity or nonretroactivity of *Matter of Kelly (supra),* however, is not the issue before us. In the posture in which this case reaches us, we need not make a ruling vis-à-vis retroactivity. Although the plaintiff would have this court

expand the principle of legal retroactivity so as to permit the reopening of a settled claim, any such ruling would be patently untenable.

The plaintiff's position does violence to the well-settled principle that stipulations of settlement which put an end to litigation meet with judicial favor, particularly where, as here, the stipulation was read into the record in open court and the party who later seeks to vacate it was represented by counsel and acknowledged to the court that he had a full understanding of, and voluntarily agreed to the terms *(Heimuller v Amoco Oil Co.,* 92 AD2d 882, 884). " 'Where the parties enter into a stipulation recorded in the minutes of the court, the settlement agreement terminates all of the claims of the parties heretofore made in the action, and the agreement becomes enforceable as a contract binding on all the parties thereto' " *(Skogsberg Constr. Co. v Hawthorne Indus. Park,* 94 AD2d 766, 767, quoting from *Biener v Hystron Fibers,* 78 AD2d 162, 167). The rule that a stipulation of settlement in a pending dispute when made by parties validly authorized to make it binds the parties is predicated upon the theory that such a settlement effectively terminates the existing litigation and gives rise to a superseding agreement which is the measure of the parties' obligations *(Crouse-Irving Mem. Hosp. v Moore,* 84 AD2d 954, 955). While the trial court has discretionary power to relieve parties from the consequences of a stipulation entered into during litigation, such relief should be sparingly granted and for good cause shown, such as fraud, collusion, mistake or other factors as would undo a contract *(Lynch v Lynch,* 105 AD2d 1069, 1070; *Heimuller v Amoco Oil Co., supra,* at p 884). Absent any indication whatsoever of such circumstances, the subject stipulation, which was freely and voluntarily entered into in open court and which resulted in a signed general release is final and binding.

*Matter of Kelly v State Ins. Fund* (60 NY2d 131, *supra),* did not create any new liability which was not encompassed by the plaintiff's release but merely construed a statute which had been in effect for a number of years *(see, Krichmar v Krichmar,* 42 NY2d 858, 860). Inasmuch as the plaintiff, like the plaintiff in *Krichmar v Krichmar (supra),* executed an unlimited general release with no reservation of rights vis-à-vis the apportionment of litigation costs or any other aspect of the case, his claim is no longer in the litigation process with the result that he cannot now take advantage of a change in decisional law pronounced after the settlement.

The Court of Appeals has previously held that the 1975 amendment to Workers' Compensation Law § 29 (1) (L 1975, ch 190), while applicable to a judgment or settlement reached after its effective date irrespective of when the employee was injured or the third-party action was brought, does not apply to judgments or settlements reached prior to its effective date *(Becker v Huss Co.,* 43 NY2d 527). As the court reasoned, "to apply the apportionment to prior judgments or settlements, not made in contemplation of apportionment, suggests unfairness and likelihood of disappointed expectations" *(Becker v Huss Co., supra,* at p 542). We see no reason why the rationale of *Becker* should not be applicable to these facts as well.

Notwithstanding the argument posited by the plaintiff and the *amici curiae,* the decision of the Court of Appeals in *Gurnee v Aetna Life & Cas. Co.* (55 NY2d 184, *rearg denied* 56 NY2d 567, *cert denied* 459 US 837) does not mandate a result favorable to the plaintiff. Recognizing the well-settled tenet that " 'consonant with the common law's policy-laden assumptions, a change in decisional law usually will be applied retrospectively to all cases still in the normal litigating process' " *(Gurnee v Aetna Life & Cas. Co., supra,* at p 191, quoting from *Gager v White,* 53 NY2d 475, 483, *cert denied sub nom. Guertin Co. v Cachat,* 454 US 1086), the court in *Gurnee* accorded full retroactive effect to *Kurcsics v Merchants Mut. Ins. Co.* (49 NY2d 451), which involved the interpretation of the phrase "first party benefits" contained in Insurance Law former § 671 (now Insurance Law § 5102). However, applying the "full retroactive effect" afforded therein to *Matter of Kelly v State Ins. Fund (supra),* would not have the novel scope urged by the plaintiff. Although the *Gurnee* court had no occasion to rule upon the application of *Kurcsics* to settled claims, the above-quoted language linking retrospective application with cases still in the normal litigating process must be read to preclude its application to settlements reached before the date of the *Kurcsics* decision. Stated succinctly, *Gurnee v Aetna Life & Cas. Co. (supra)* does not support the reopening of a valid and binding stipulation of settlement. Nor would a retroactive application of *Matter of Kelly v State Ins. Fund (supra)* achieve that result.

In view of the facts that the plaintiff consented to the settlement in open court, agreed to incur the balance of litigation costs from his share of the recovery and executed an unlimited general release *(cf. Goga v Gulf Oil Corp.,* 98 AD2d 936), his claim is no longer in the normal litigating process.

Accordingly, Special Term properly precluded him from taking advantage of a change in decisional law pronounced after the date of the settlement.

BROWN, J. P., RUBIN and EIBER, JJ., concur.

Order of the Supreme Court, Nassau County, dated June 11, 1985, affirmed, with costs.