OPINION OF THE COURT
Vincent E. Doyle, J.,
Motions by: (1) American Mutual Insurance Company, a defendant in action 1 and on behalf of 43 of 50 defendants in action 3; (2) Atlantic Mutual Insurance Company, a defendant in action 3; (3) the Home Indemnity Company and the Home Insurance Company, defendants in actions 2 and 3; (4) the State Insurance Fund, a defendant in action 3; and (5) the Travelers Insurance Company, a defendant in action 1, for an order granting the joined defendants’ motions for summary judgment and dismissing plaintiffs’ complaints. Preliminarily, it is noted that the three actions involved in this lawsuit were consolidated by order of the Supreme Court of Erie County on December 3, 1984. Also, on September 22, 1988, the Supreme Court of Erie County granted plaintiffs’ motion for an order certifying the consolidated actions as a class action from which class certification order an appeal is presently pending.
Effective June 10, 1975, the New York State Legislature revised Workers’ Compensation Law § 29 (1) to require an insurer who asserted a lien for workers’ compensation to deduct a proportionate share of "reasonable and necessary expenditures,” including attorneys’ fees, incurred by the employees in a third-party action, to be "equitably apportioned” by the court. Prior to the amendment, the employee was obligated to reimburse in full the insurer who had paid his benefits so that the employee bore the full burden of paying *1045 the attorneys’ fees and other costs incurred in prosecuting his third-party action. After the effective date, some insurers posited that only the lien benefits already paid were to be considered in determining the insurers’ share of third-party litigation expenses, while employees contended that the courts were obligated to consider the amount of future compensation benefits the insurer would be excused from paying as a result of the employee’s recovery. This question divided the Departments of the Appellate Division, where some courts upheld the employees’ position while others took the contrary view.
On October 27, 1983, the issue was resolved in the employee’s favor by Matter of Kelly v State Ins. Fund (60 NY2d 131 [1983]), in which the Court of Appeals ruled that the workers’ compensation carriers’ share of the employees’ litigation expenses must be determined based upon the "total benefits” derived by the carrier from the recovery in the employees’ third-party action, including the present value of the estimated future payments the carriers were no longer required to pay.
The plaintiffs here, as class representatives, seek to recover retroactively the share of attorneys’ fees and expenses based upon estimated future benefits received by the defendant workers’ compensation carriers. Defendants argue that absent fraud or some other extraordinary circumstances, no previously completed judgment or settlement should be reopened by virtue of Kelly (supra), nor does legal retroactivity, even if applicable, permit the reopening of prior valid settlements or adjudicated claims. These cases present then, the question of whether the holding of the Kelly case should be given retroactive effect.
In the cases of Gurnee v Aetna Life & Cas. Co. and Weinreich v State-wide Ins. Co. (55 NY2d 184 [1982]), the Court of Appeals sustained complaints giving retroactive effect to the holding in Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451), ruling that retroactivity in interpreting a statute could be applied consonant with equitable considerations, to require no-fault insurance companies to pay up to a maximum of $1,000 per month in no-fault lost earnings benefits, where for the past six years they had been paying $800 per month based upon an erroneous interpretation by the Department of Insurance of the No-Fault Law. Significantly, the court stated its decision was "applicable to all claims that are not time-barred”. (Supra, at 194.)
*1046 The court further stated: "In this regard it is important to emphasize that Kurcsics did not 'establish a new principle of law.’ It merely construed a statute that had been in effect for a number of years.” (55 NY2d, supra, at 192.)
Likewise, in these instant cases, the amendment to Workers’ Compensation Law § 29 (1) did not create a new right; it simply supplied compensation claimants with a remedy to compel the carriers to share litigation costs based upon the equitable apportionment to the future benefits the insurer would be excused from paying. The Court of Appeals in Becker v Huss & Co. (43 NY2d 527, 542) clearly held that section 29 (1) did not create a new liability: "In an ultimate sense, the amendment neither created a new right nor impáired an existing one * * *. No new action at law is brought. The carrier always benefited from the third-party action; the amendment simply requires it to bear the cost of that benefit. ” (Emphasis added.)
Despite contrary rulings made by the Appellate Division, Fourth Department, which had affirmed orders of Special Term (Erie County), and the Appellate Division, First Department, which affirmed an order of the Supreme Court of New York at Special Term dismissing Weinreich’s complaint for failure to state a cause of action, Gurnee (supra) nonetheless granted retroactivity.
Defendants argue that unlike the plaintiffs in the instant cases, the Gurnee plaintiffs had never litigated the issues of benefits or negotiated with insurers. Hence, defendants contend the Court of Appeals in Gurnee (supra) did not address the application of the Kurcsics decision (supra) to prior settled or adjudicated claims. However, the instant cases are not seeking to reopen judgments or settlements between the plaintiffs and the third-party defendants named in those cases. These cases are against the workers’ compensation carriers which collected and effectuated their liens, pursuant to section 29 (1) while the third-party actions were still pending. While the "litigating process” had terminated between plaintiffs and the third-party defendants, it had not been terminated between these plaintiffs as workers’ compensation claimants and the workers’ compensation carrier. While in some of the instant cases there was a submission of lien and subsequent payment to the workers’ compensation carriers, without negotiation, in others, negotiations with the workers’ compensation carriers to reduce the amount of their liens so as not to jeopardize the settlement of the third-party actions did in fact *1047 occur; but in each of the latter cases, such negotiations dealt only with past liens, never with future benefits as contended in the affidavits of both Abraham Fuchsberg dated March 20, 1989 and Willard M. Pottle, dated March 21, 1989, while the Mark Slotkin affidavit dated March 8, 1989 argues that all of these issues were raised and "resolved at arms length bargaining”; thus, creating factual issues requiring determination of these issues at the trial of these cases.
Summary judgment is a drastic remedy and, of course, should not be granted, as here, where there is any doubt as to the existence of triable issues (Rotuba Extruders v Ceppos, 46 NY2d 223; Goldstein v County of Monroe, 77 AD2d 232), or where the issues are " 'arguable’ ” (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Since these are such cases, defendants’ motions for summary judgment must be denied.
In Ianielli v North Riv. Ins. Co. (119 AD2d 317 [2d Dept 1986]), a case upon which defendants rely for dismissal of the instant plaintiffs’ complaints, the amount of the workers’ compensation lien as well as the third-party action was settled in open court and, as part of the oral stipulation, plaintiff Ianielli was required to execute and deliver a general release which ran to both the compensation carrier and the third party represented by the same carrier and the same attorney. The Second Department in Ianielli cited Krichmar v Krichmar (42 NY2d 858 [1977]) which involved an unlimited general release with no reservation of rights given to other tortfeasors so that the new action brought against the plaintiff’s parents was dismissed. The Court of Appeals stated that its holding in Gelbman v Gelbman (23 NY2d 434) decided in January 1969 (eight months after settlement of the first suit) "did not create any new liability which was not encompassed by the general release, but merely removed a judicially created impediment to intrafamilial tort actions” (42 NY2d, supra, at 860).
The court’s observation in Ianielli (supra, at 321) that a settled claim, citing Krichmar (supra), "is no longer in the litigation process” was addressing a precedent denying retro-activity to a claim that was the subject of a formal general release, unlike the situation involving the cases at bar. Here, the instant plaintiffs are involved in circumstances where there has been no prior adjudication of contested issues and where no general or specific release of the claims under the Kelly decision (supra) had been exacted or voluntarily pro *1048 vided. Further, the claimants in the instant cases did not terminated their dispute. They paid liens of the compensation carriers without the knowledge of and before the decision in the Kelly case. In neither Gelbman (supra) nor Krichmar did the courts construe a statute which had been in existence during the period for which plaintiffs sought retroactivity, as here, after the ..Court of Appeals finally construed the statute. This court finds there is no distinction in the basic principle of law between Gurnee-Weinreich (supra) giving retroactive effect to the holding in Kurcsics (supra) and the instant actions. Similarly, in Kelly, the Court of Appeals interpreted an existing statute, holding that the previous deprivation of workers’ compensation claimants to the benefit of the compensation carriers was inequitable. Thus, this court holds that the ruling in Kelly should be applied retroactively.
Moreover, since the Ianielli case (supra) applied only where a formal release was given in exchange for the consent of the compensation carrier to the settlement of the third-party action, clearly, unlike the circumstances involved in the cases at bar, the instant plaintiffs should not be deprived of their rights under revised Workers’ Compensation Law § 29 (1) as defined by Kelly (supra), without a fully litigated contest of the precise issues raised.
For all of the reasons above stated, the joined defendants’ motions for summary judgment are denied.