■ LEONARD BROCK, Appellant, et al., Plaintiff, v MACK TRUCKS, INC., et al., Respondents. PATTISON, SAMPSON, GINSBERG & GRIFFIN, P. C., Nonparty Appellant; SPECIAL FUNDS CONSERVATION COMMITTEE, Nonparty Respondent. (And Two Third-Party Actions.)—Mikoll, J. Appeal from that part of an order of the Supreme Court (Prior, Jr., J.), entered November 15, 1988 in Rensselaer County, which denied an application for counsel fees against the Special Funds Conservation Committee.

The underlying product liability action commenced by plaintiffs, Leonard Brock and Joyce Brock,* in 1982 proceeded to trial in Supreme Court, during which a settlement agreement was reached and made a part of the record. As a part of the settlement plaintiff agreed to assign any claims he might have against the Special Disability Fund (hereinafter Fund) to the law firm of Pattison, Sampson, Ginsberg & Griffin, P. C., his attorneys of record. Liberty Mutual Insurance Company (here-

---

* Plaintiff Joyce Brock was separately represented and she is not a part of these proceedings. Plaintiff therefore refers to Leonard Brock.

inafter Liberty Mutual), the workers' compensation insurance carrier, waived its compensation lien stated to be in the amount of approximately $79,000. Plaintiff was to receive an annuity valued at $72,782 payable at $650 per month, for life, with a guarantee of 60 monthly payments. Plaintiff also received an additional payment of $50,000, of which he was to retain $5,000 and the remaining $45,000 was to be paid to his attorneys for legal fees and disbursements. It was also stipulated that in addition to the obligation to pay any lien due to the Fund, plaintiff's attorneys reserved a right to pursue a claim against the Fund for its pro rata share of the counsel fees and disbursements incurred in prosecuting the action. It was also stipulated that Supreme Court would retain jurisdiction on the issue of any lien owing to the Fund or any counsel fees and disbursements due from the Fund.

Subsequently, plaintiff's attorneys made a motion to determine these issues. After hearing the parties and considering their papers, Supreme Court issued the following decision: "Upon an analysis of the facts upon this motion and upon the settlement of the underlying action before this Court, the Court determines that respondent Liberty Mutual Insurance Company waived its Lien, and that at said time, there existed no other Worker Compensation Lien on the action. Likewise, the settlement resolved the entirety of the Workers' Compensation claim and with it claims for attorneys fees and disbursements as the obligation of the Special Funds Conservation Committee flows derivatively through the Workers' Compensation insurance carrier." An order was entered to that effect and this appeal by plaintiff and his attorneys ensued.

On this appeal plaintiff's attorneys claim that (1) in fact, there was no waiver of the claim for counsel fees against the Fund, (2) Supreme Court wrongly considered the derivative claim as a defense because the Fund did not raise it factually as a defense or assert it as an affirmative defense, and (3) under *Matter of Kelly v State Ins. Fund* (60 NY2d 131), a successful plaintiff against a third-party tort-feasor may recover from a workers' compensation insurance carrier the pro rata share of the counsel fees and disbursements incurred in prosecuting the action to the extent that the carrier benefited from the recovery of its lien and the payment of future benefits.

Supreme Court's order should be reversed and the matter remitted for further proceedings to determine the benefit to the Fund and its pro rata share of the litigation expenses incurred by plaintiff. The record reveals that Liberty Mutual

made all workers' compensation benefit payments to plaintiff. None were paid by the Fund. Under Workers' Compensation Law § 15 (8) (d), it is the duty of the injured worker's compensation carrier, in this case Liberty Mutual, to make benefit payments to him in the first instance and his compensation carrier then has the right for reimbursement from the Fund. However, the Fund here benefited from plaintiff's litigation to the extent it was liable to Liberty Mutual for wage and medical benefits arising after the first 104 weeks of disability and for which Liberty Mutual made payments as well as for the value of prospective payments *(see, Matter of Kelly v State Ins. Fund, supra).* The Fund is therefore liable to plaintiff for the pro rata share of the litigation fees and disbursements incurred in obtaining those benefits. It would be inequitable to allow the Fund to profit unjustly from the benefits it received at plaintiff's expense *(supra).*

The stipulation of settlement clearly expressed plaintiff's intention to reserve his right to pursue his claim for such litigation costs against the Fund. There is insufficient evidence in the record to support the conclusion that plaintiff waived such claim *(see, Goga v Gulf Oil Corp.,* 98 AD2d 936, 937).

We find no procedural error in Supreme Court considering the derivative claim as a defense. It was clearly embraced within the context of this motion.

Order reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.