■ June A. Cutler et al., Respondents, v Travelers Insurance Company et al., Appellants. Edwin C. Smith, Respondent, v Home Indemnity Company, Individually and on Behalf of Those Similarly Situated, Appellant. Michael J. Burke et al., Respondents, v Federal Insurance Company et al., Appellants. (Appeal No. 1.)—Appeal unanimously dismissed as moot without costs *(see, Cutler v Travelers Ins. Co.* [appeal No. 2] 159 AD2d 1014 [decided herewith]). (Appeals from order of Supreme Court, Erie County, Kasler, J.—class certification.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.

■ June A. Cutler et al., Respondents, v Travelers Insurance Company et al., Appellants. Edwin C. Smith, Respondent, v Home Indemnity Company, Individually and on Behalf of Those Similarly Situated, Appellant. Michael J. Burke et al., Respondents, v Federal Insurance Company et al., Appellants. (Appeal No. 2.)—Order unanimously reversed on the law without costs and defendants' motions for summary judgment granted, in accordance with the following memorandum: In these consolidated actions, defendant insurers appeal from an order of Supreme Court granting plaintiffs' motions for certification of a plaintiffs' class and a defendants' class, and from a subsequent order denying defendants' motions for summary judgment dismissing the complaints. The complaints seek to reopen workers' compensation lien settlements entered into prior to commencement of these actions in order to readjust those settlements in accordance with the rule pronounced in *Matter of Kelly v State Ins. Fund* (60 NY2d 131). On appeal from the first order, defendants contend that plaintiffs' claims are inappropriate for class treatment because of the wide variance in factual circumstances surrounding plaintiffs' settlements of their lien disputes. On

appeal from the second order, defendants contend that, irrespective of the particular facts of each case, they are entitled to summary judgment because a subsequent change in the law does not permit the litigation of claims compromised in settlement.

Defendants are entitled to summary judgment dismissing the complaints. It is well established that a party may not reopen a voluntary settlement agreement to take advantage of a subsequent change in the law *(Becker v Huss Co.,* 43 NY2d 527, 542; *Krichmar v Krichmar,* 42 NY2d 858, 859-860; *Ianielli v North Riv. Ins. Co.,* 119 AD2d 317, *lv denied* 69 NY2d 606).* Plaintiffs frame their complaints as seeking "retroactive" application of the *Kelly* principle. Conventional retroactivity involves application of a new principle of law to claims that arose before pronouncement of that principle but that are still in litigation on the date of pronouncement *(Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 191, *rearg denied* 56 NY2d 567, *cert denied* 459 US 837; *Gager v White,* 53 NY2d 475, 483, *cert denied sub nom. Guertin Co. v Cachat,* 454 US 1086; *Becker v Huss Co., supra,* at 539-542). Retroactivity analysis does not permit application of new law to cases already resolved *(Ianielli v North Riv. Ins. Co., supra,* at 320-322; *cf., Gurnee v Aetna Life & Cas. Co., supra,* at 191). As noted in *Ianielli (supra,* at 321), it would be an unwarranted and "patently untenable" expansion of the principle of legal retroactivity to allow a settled claim to be reopened merely to apply a subsequent change in decisional law.

Since plaintiffs cannot prevail on their claims, they cannot maintain these actions on behalf of a class. Therefore, it is unnecessary to decide the propriety of the order granting class certification. (Appeals from order of Supreme Court, Erie County, Doyle, J.—class certification.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ. *[See,* 144 Misc 2d 1043.]