■ DAVID OCHAL, Appellant, et al., Plaintiffs, v TELEVISION TECHNOLOGY CORPORATION et al., Defendants, and PETER W. DAHL COMPANY, Defendant and Third-Party Plaintiff. AMSTERDAM BROADCASTING, INC., Doing Business as WOCD-TV, Third-Party Defendant-Respondent. [809 NYS2d 604]—

Mercure, J.P. Appeal from an order of the Supreme Court (Best, J.), entered October 14, 2005 in Montgomery County, which, inter alia, denied plaintiff David Ochal's motion to compel compliance with a stipulation of settlement.

Plaintiff David Ochal (hereinafter plaintiff) suffered severe injuries from electrocution during a work-related accident in February 1988. His personal injury action was settled by stipulation on the record in open court in November 1999. In exchange for a general unlimited release, plaintiff received a structured settlement with a then present value of $1,450,000. Third-party defendant agreed to pay plaintiff $50,000, to waive

a substantial workers' compensation lien and that "[a]ny pending medical bills incurred prior to [the date of settlement] will be paid." In May 2004, plaintiff moved for, among other things, an order enforcing the stipulation and directing third-party defendant to pay certain medical bills that predate the settlement, the total sum of which is approximately $20,000. Plaintiff further demanded that third-party defendant's workers' compensation carrier pay a pro rata share of the costs of the litigation. Supreme Court denied the requested relief and plaintiff now appeals.

We affirm. Stipulations of settlement must be construed in accordance with contract interpretation principles (*see e.g. McCoy v Feinman*, 99 NY2d 295, 302 [2002]) and "[i]n New York, all contracts imply a covenant of good faith and fair dealing in the course of performance" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]; *see AFBT-II, LLC v Country Vil. on Mooney Pond*, 305 AD2d 340, 342 [2003]). This covenant encompasses " 'any promises which a reasonable person in the position of the promisee would be justified in understanding were included' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co., supra* at 153 [citation omitted]; *see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983] [indicating that any such promises cannot be inconsistent with other terms of the contractual relationship]). Here, we agree with third-party defendant that Supreme Court properly denied plaintiff's motion to direct payment of the bills at issue inasmuch as plaintiff breached the implied covenant of good faith and fair dealing in producing for the first time, 4$^1$/$_2$ years after the parties reached the settlement agreement, certain medical bills. Third-party defendant also notes, as evidence of bad faith beyond the untimely submission, that the bills were never approved by the Workers' Compensation Board and, in the case of one, contradicted by documentation from the hospital indicating that no bill or account in plaintiff's name existed. Further, another bill had been reduced to a lien on plaintiff's recovery in this action and plaintiff agreed in the stipulation that he would be responsible for all such liens other than the workers' compensation lien that was waived.

Finally, to the extent that plaintiff now contends that he is entitled to a pro rata share of the costs of litigation from his employer's carrier (*see* Workers' Compensation Law § 29 [1]; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 138 [1983]), his argument lacks merit because, in settling the issue of counsel fees and the method of their payment after extensive discussion in open court, he failed to either reserve a right to a pro rata

share of litigation costs or stipulate to Supreme Court's retention of jurisdiction over such a claim (*see Ianielli v North Riv. Ins. Co.,* 119 AD2d 317, 320-322 [1986], *lv denied* 69 NY2d 606 [1987]; *cf. Brock v Mack Trucks,* 159 AD2d 778, 779-780 [1990]; *Goga v Gulf Oil Corp.,* 98 AD2d 936, 937 [1983]; *Cutler v Travelers Ins. Co.,* 144 Misc 2d 1043, 1046-1048 [1989]; *see generally McCoy v Feinman, supra* at 302; *Hallock v State of New York,* 64 NY2d 224, 230 [1984]). In light of the general unlimited release signed by plaintiff, we reject his argument that absent an *express* waiver of his right to the equitable apportionment of counsel fees, he may pursue his Workers' Compensation Law § 29 (1) rights, as defined by *Matter of Kelly v State Ins. Fund* (*supra*), at any time.

Plaintiff's remaining claim is not properly before this Court.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs to third-party defendant.