McCarthy, J.P.
(concurring in part and dissenting in part). Plaintiff was entitled to summary judgment against defendants Swan Lake Developers LLC and Yitzchok Kaufman because defendants’ allegations and submissions fail to state defenses or counterclaims that could offset plaintiffs entitlement to payment pursuant to the settlement/subordination agreements. The majority decision recognizes that defendants’ allegations are factually intertwined with the subject contractual agreements, and concludes, apparently on that basis, that plaintiffs motion for summary judgment seeking payment pursuant to those agreements was properly denied. However, the majority fails to explain how defendants’ allegations and submissions support their alleged defense and counterclaims. Inasmuch as defendants’ factual allegations and evidence do not support a legal basis to provide them any relief, I respectfully dissent.
Defendants opposed plaintiffs motion for summary judgment pursuant to CPLR 3213 on the grounds of intertwined defenses and counterclaims of breach of the implied covenant *1195 of good faith and fair dealing, tortious interference with business relations and prima facie tort. As to defendants’ contract defense, the implied covenant of good faith and fair dealing did not impose an obligation on plaintiff to remain silent as to unlawful use of the subject premises notwithstanding defendants’ claim that said use was necessary to obtain the funds required to pay plaintiff. While all contracts formed under this state’s laws contain an implicit covenant of good faith and fair dealing, that covenant only makes enforceable “promises which a reasonable person in the position of the promisee would be justified in understanding were included” in an agreement (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002] [internal quotation marks and citations omitted]; accord Ochal v Television Tech. Corp., 26 AD3d 575, 576 [2006], lv dismissed 7 NY3d 741 [2006]; see Gizara v New York Times Co., 80 AD3d 1026, 1027 [2011]). Given that the agreements are silent with respect to the use of the premises in violation of the relevant building code, reasonable actors in defendants’ position would not be justified in understanding that plaintiff had agreed to not report its unlawful use. Accordingly, the terms and covenants of the subject agreements did not bar plaintiff from reporting the ongoing use of the premises in violation of the relevant building code. Even if this were not the case, the specific implied covenant that defendants propose — an agreement intended to capture some private profit through the evasion of building code compliance — is void as contrary to this state’s public policy (see Riverside Syndicate, Inc. v Munroe, 10 NY3d 18, 23 [2008]; see generally Town Law §§ 130 [1]; 138). Accordingly, defendants failed to allege facts that could sustain a defense to their contractual obligations.
Defendants’ factual allegations also fail to make out causes of action for tortious interference with business relations or prima facie tort. Defendants allege that plaintiffs tortious acts consisted of its employees handing out business cards for a newly formed fuel delivery business and reporting building code violations in an attempt to put Jus-Sar Fuel, Inc. — a competitor in the fuel delivery industry — out of business. These factual allegations lead to a single reasonable conclusion that plaintiff was acting, at least in part, out of economic self interest. A party acting out of economic self interest does not commit tortious interference with business relations or prima facie tort (see Carvel Corp. v Noonan, 3 NY3d 182, 189 [2004]; 10 Ellicott Sq. Ct. Corp. v Violet Realty, Inc., 81 AD3d 1366, 1368 [2011], lv denied 17 NY3d 704 [2011]; Lawrence v Union of Orthodox Jewish Congregations of Am., 32 AD3d 304, 305 [2006]; Besicorp, Ltd. v Kahn, 290 AD2d 147, 150 [2002], lv *1196 denied 98 NY2d 601 [2002]; Quail Ridge Assoc. v Chemical Bank, 162 AD2d 917, 919 [1990], lv dismissed 76 NY2d 936 [1990]).
Having concluded that defendants failed to raise any defenses or counterclaims that could offset plaintiffs entitlement to payment pursuant to the subject agreements, plaintiff is entitled to summary judgment granting it relief against Swan Lake and Yitzchok Kaufman (see Riverside Inn Real Estate Partnership, LP v Niagara Gorge Jet Boating, Ltd., 34 AD3d 1328, 1329 [2006], lv denied 8 NY3d 807 [2007]; Stevens v Phlo Corp., 288 AD2d 56, 56 [2001]).* As per the terms of the settlement/subordination agreements, plaintiff is entitled to recover $155,000 with interest at 12% per year from December 29, 2009.
Ordered that the order is affirmed, with costs.

 I agree with the majority that defendant George Kaufman had no contractual obligation to plaintiff and that, therefore, summary judgment was properly denied as to him.