Donaldson Interiors, Inc. v F.J. Sciame Constr. Co., Inc. (2020 NY Slip Op 06498)





Donaldson Interiors, Inc. v F.J. Sciame Constr. Co., Inc.


2020 NY Slip Op 06498


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-08745
 (Index No. 11673/11)

[*1]Donaldson Interiors, Inc., respondent, 
v
F.J. Sciame Construction Co., Inc., et al., appellants, et al., defendant.


Troutman Pepper Hamilton Sanders LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
Moritt Hock & Hamroff LLP, Garden City, NY (Michael J. Hogan and Stephen L. Brodsky of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants F.J. Sciame Construction Co., Inc., and Sciame Construction, LLC, appeal from a judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered April 11, 2018. The judgment, upon a decision of the same court dated February 16, 2018, made after a hearing, is in favor of the plaintiff and against those defendants awarding the plaintiff statutory interest in the sum of $664,462.50.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, Donaldson Interiors, Inc. (hereinafter Donaldson), commenced this action, inter alia, to recover damages for breach of contract against the defendants F.J. Sciame Construction Co., Inc., and Sciame Construction, LLC (hereinafter together Sciame), and another party. Donaldson alleged, inter alia, that Sciame owed it an outstanding principal balance plus statutory interest for work that Donaldson performed pursuant to certain subcontracts related to two construction projects.
After the commencement of a trial on the issue of liability, Donaldson and Sciame stipulated in open court to a settlement agreement, whereby Sciame would pay Donaldson a settlement sum in a certain amount. The parties further stipulated that the amount of statutory interest would be determined either through their further negotiations or, if such negotiations failed, through the Supreme Court's determination. Sciame paid the settlement amount to Donaldson. Since the parties were unable to reach an agreement as to what the proper statutory interest should be, the parties sought guidance from the court, and a hearing was held.
In a decision dated February 16, 2018, the Supreme Court determined that pursuant to the terms of the in-court stipulation, Donaldson was entitled to statutory interest. Further, the court determined that the interest would be computed from the date of the filing of the summons and complaint through the date on which the settlement sum was paid. In a judgment entered April 11, 2018, the court awarded Donaldson statutory interest in the sum of $664,462.50. Sciame appeals.
"[A]n open-court stipulation is an independent contract between the parties . . . and will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Lenge v Eklecco Newco, LLC, 172 AD3d 843, 844-845 [internal quotation marks omitted]; see CPLR 2104; Chernow v Chernow, 51 AD3d 705, 706). "Stipulations of settlement must be construed in accordance with contract interpretation principles" (Ochal v Television Tech. Corp., 26 AD3d 575, 576; see McCoy v Feinman, 99 NY2d 295, 302). A covenant of good faith and fair dealing is implicit in every contract (see Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976; Ochal v Television Tech. Corp., 26 AD3d at 576). "This covenant encompasses any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (Ochal v Television Tech. Corp., 26 AD3d at 576 [internal quotation marks omitted]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153; Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 69).
Applying these principles, we agree with the Supreme Court's determination that the terms of the stipulation of settlement placed on the record in open court obligated Sciame to pay statutory interest. Further, under the circumstances, we agree with the court's determination that the statutory interest would apply from the filing of the summons and complaint (see CPLR 5001[b]; Delulio v 320-57 Corp., 99 AD2d 253, 255; Temple Beth Sholom of Smithtown, N.Y. v Fitzsimons & Assoc., 42 AD2d 739, 740).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court