Cello v Cello (2021 NY Slip Op 01746)





Cello v Cello


2021 NY Slip Op 01746


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-00581
 (Index No. 4321/08)

[*1]Hazel D. Cello, appellant,
v
Patrick L. Cello, respondent.


Alysia R. Baker, Goshen, NY (Kristen A. Verrino of counsel), for appellant.
Diana L. Kidd, P.C., New Paltz, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated January 5, 2012, the plaintiff appeals from an order of the Supreme Court, Orange County (Carol S. Klein, J.), dated October 23, 2017. The order, insofar as appealed from, in effect, denied the plaintiff's motion, inter alia, for an award of maintenance and to consolidate the action with a proceeding commenced in the Family Court, Orange County.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2008, the plaintiff commenced the instant action for a divorce and ancillary relief in the Supreme Court, Orange County. The parties were divorced by judgment dated January 5, 2012. The judgment of divorce incorporated a stipulation entered into in open court, that provided, in relevant part, that "if at any point in time the [d]efendant's total gross employment earnings equals $100,000.00 or greater, the [p]laintiff has the right to petition this Court or a Court of competent jurisdiction, to receive maintenance from [the defendant], it would be de novo petition to the court, during the next seven years commencing January 20, 2010."
On or about March 8, 2016, the plaintiff filed a petition in the Family Court, Orange County, seeking maintenance retroactive to January 2014. The defendant moved several times to dismiss the Family Court proceeding on the ground that the Family Court lacked subject matter jurisdiction. The Family Court dismissed the proceeding on September 22, 2017.
In the meantime, on or about May 30, 2017, the plaintiff moved in the instant action before the Supreme Court, inter alia, for an award of maintenance and to consolidate this action with the proceeding commenced in the Family Court. The Supreme Court, in effect, denied the plaintiff's motion. The plaintiff appeals.
"'Marital settlement agreements are judicially favored and are not to be easily set aside'" (Glover v Glover, 137 AD3d 745, 746, quoting Simkin v Blank, 19 NY3d 46, 52). "'[A] stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability'" (Cohen v Cohen, 170 AD3d 948, 949, quoting Sanfilippo v Sanfilippo, 137 [*2]AD3d 773, 774; see Heinemann v Heinemann, 189 AD3d 1553, 1554). "Stipulations of settlement must be construed in accordance with contract interpretation principles" (Ochal v Television Tech. Corp., 26 AD3d 575, 576; see McCoy v Feinman, 99 NY2d 295, 302; Donaldson Interiors, Inc., v F.J. Sciame Constr. Co., Inc., 188 AD3d 816, 817).
Here, the express terms of the judgment of divorce and the parties' stipulation of settlement provided, in relevant part, that "if at any point in time the [d]efendant's total gross employment earnings equals $100,000.00 or greater, the [p]laintiff has the right to petition this Court or a Court of competent jurisdiction, to receive maintenance from [the defendant], it would be de novo petition to the court, during the next seven years commencing January 20, 2010." The plaintiff had until January 20, 2017, to "petition" the Supreme Court. It is undisputed that she failed to do so.
The plaintiff's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court properly, in effect, denied the plaintiff's motion.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court