■ HEALTH-CHEM CORPORATION, Appellant, v GERALD BLANK, Respondent. HEALTH-CHEM CORPORATION, Appellant, v MARVIN ADLER, Respondent.—Orders, Supreme Court, New York County (Carol H. Arber, J.), entered March 18, 1991, which denied plaintiff's motions for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously affirmed, without costs.

During the course of their tenure as officers of plaintiff-corporation, defendants executed non-interest bearing, demand promissory notes in connection with their purchase of stock in the plaintiff corporation. In addition to the promise to pay specified monetary amounts, each note provided it was secured by the pledge of the shares of plaintiff-corporation purchased with the loans and by delivery of such shares to the corporation. Defendants' contention that the loans were non-recourse loans, to be enforced only to the extent of the value of the stock held by plaintiff, is supported by plaintiff's own 1988 annual report, disclosing the existence of a reserve account, entitled "Allowance for Employee Notes", which anticipated that all amounts representing the difference between the aggregate amount of such loans and the then value of the pledged stock would be uncollectible. The subject notes were included in that calculation, without any regard to the individual debtors' ability to pay. The Supreme Court found the instruments did not qualify for CPLR 3213 treatment due to the reference in the notes to the stock held as collateral, which did not make clear the relationship of the collateral to the loans.

The mere presence of a security provision within a promissory note will not necessarily disqualify the note as an "instrument for the payment of money only" (CPLR 3213). A security provision does not necessarily condition defendants' obligation or require any additional performance, such as would render CPLR 3213 treatment inapplicable *(Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155; *Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 21-22). Plaintiff may still prove a prima facie case by the instrument and proof of failure to make the payments called for by its terms *(supra).* We nonetheless affirm the orders in this case as there

were disputed issues of fact as to defendants' liability, arising from materials prepared and publicly disseminated by plaintiff itself. Concur—Sullivan, J. P., Kupferman, Ross, Kassal and Smith, JJ.