■ MIDTOWN NEON SIGN CORP. et al., Respondents, v HERMAN MILLER, Appellant. (Action No. 1.) HERMAN MILLER, Appellant, v MIDTOWN NEON SIGN CORP., Respondent. (Action No. 2.) [601 NYS2d 291] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered September 8, 1992, denying plaintiff Herman Miller's motion for reargument of his motion for summary judgment in action No. 2, unanimously reversed, on the law, with costs and disbursements, reargument (deemed renewal) granted and, on renewal, the motion for summary judgment granted, that part of the complaint in action No. 1 seeking to cancel the promissory note dismissed and consolidation of action No. 1 and action No. 2 denied. The appeal from the order of the same court and Justice entered September 28, 1992, which, *inter alia,* denied plaintiff Herman Miller's motion for summary judgment, dismissed, without costs or disbursements, as moot. The Clerk is directed to enter judgment in favor of plaintiff Herman Miller in the amount of $363,970.41 plus costs and disbursements,

and interest from January 29, 1992 to April 28, 1992 at the rate of 6½%.

Once plaintiff Herman Miller, on his motion for reargument which, in reality, was a motion for renewal, clarified the question of the agreed upon interest rate, which was the only reason for denying him summary judgment on the $363,970 note in the first instance, he was entitled to an award of summary judgment. There was never any issue concerning payment. Midtown, the maker, merely alleged that the purchase price for plaintiff Herman Miller's shares of the corporation had been paid in full and produced copies of cancelled checks in support of that claim. That payment, however, was not at issue. Midtown has never alleged payment of the note, which was given in payment of plaintiff Herman Miller's share of undistributed profits. Since there is no factual issue concerning the execution, delivery, demand and default on the note, summary judgment thereon is warranted and the motion of defendant Herman Miller in action No. 1 to dismiss that part of Midtown and Fred Miller's complaint seeking cancellation of the note should have been granted as a matter of law. The IAS Court erroneously relied on *Lackmann Food Serv. v E & S Vending Co.* (125 AD2d 366), which held that summary judgment should be withheld where a counterclaim is inseparable from the main action on the note. Unlike *Lackmann,* however, Midtown and Fred Miller's claims of breach of fiduciary duty over a fifteen-year period in support of their action to cancel the note do not involve the note; nor do they constitute either a defense to a claim for payment thereon or a basis for cancellation. It is "well established that * * * assertion of defenses based on facts extrinsic to the instrument" is insufficient to defeat a motion brought pursuant to CPLR 3213. *(Woodbridge Vil. Assocs. v Goren,* 188 AD2d 293.)

Nor, given the foregoing, was it proper to grant consolidation of the two actions. Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ. [As amended by unpublished order entered Nov. 16, 1993.]