■ O&M GOURMET FOODS, INC., et al., Appellants, v MARINO's 184 FOODS, INC., et al., Respondents. (And Two Other Actions.) [638 NYS2d 466]

The claims in Action No. 1 sounding in fraud were properly dismissed as they were not pleaded with sufficient specificity (*see,* CPLR 3016 [b]). Furthermore, plaintiffs in Action No. 1 had expressly disclaimed reliance upon the types of misrepresentations alleged in the complaint under the parties' contract of sale of the restaurant (*see, Citibank v Plapinger,* 66 NY2d 90, 95; *Mahn Real Estate Corp. v Shapolsky,* 178 AD2d 383, 385) and, in light of the two week observation period they enjoyed under the contract, enabling them to monitor the business they were buying, the Mayer plaintiffs' claims of justifiable reliance can not be sustained.

We also conclude that the claims against Dominick Marino individually were properly dismissed as there was no evidence that he acted tortiously.

We agree with the IAS Court that summary judgment in lieu of complaint was properly granted in Action No. 2 with respect to the promissory notes. The subject notes were for sums of money only, and were executed by the Mayer parties, who defaulted in their obligations to pay thereunder (*see, Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137-138, *affd* 29 NY2d 617; *Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155). The promise to pay the notes was unconditional and absolute and the Mayer parties expressly waived "presentment for payment, demand, notice of dishonor, protest and notice of protest". While the notes refer to the security agreement, this does not preclude CPLR 3213 treatment under the present circumstances (*see, Health-Chem Corp. v Blank,* 176 AD2d 469). Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.