■ GILTNER B. STEVENS, Respondent, v PHLO CORPORATION, Appellant. [733 NYS2d 11] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 15, 2000, in favor of plaintiff and against defendant in an action on a promissory note pursuant to CPLR 3213, unanimously affirmed, with costs.

The subject instrument is not disqualified from CPLR 3213 treatment by reason of the provision that gave defendant the option of twice extending the date of payment for specified periods of time upon condition that it issue plaintiff warrants for the purchase of a specified number of its shares of stock. Such provision does not require additional performance by plaintiff as a condition precedent to payment, or otherwise make defendant's promise to pay something other than unconditional (*see, Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.,* 187 AD2d 634). The same is true of the provision in the note that its payment was being secured by yet other of defendant's shares of stock (*see, Health-Chem Corp. v Blank,* 176 AD2d 469). We note that plaintiff seeks only to recover the principal amount of the note, plus interest, plus reasonable attorneys' fees as provided in the note. Defendant's claim that plaintiff tortiously interfered with its relations with a prospective investor is based on facts unrelated to the note, and therefore does not defeat the CPLR 3213 motion (*see, Midtown Neon Sign Corp. v Miller,* 196 AD2d 458). Concur—Rosenberger, J. P., Tom, Rubin, Buckley and Marlow, JJ.