Deka Immobilien Inv. GmbH v Lexington Ave. Hotel, L.P. (2021 NY Slip Op 04275)





Deka Immobilien Inv. GmbH v Lexington Ave. Hotel, L.P.


2021 NY Slip Op 04275


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 653717/2020 Appeal No. 14178 Case No. 2021-00555 

[*1]Deka Immobilien Investment GmbH, Plaintiff-Appellant-Respondent,
v
Lexington Avenue Hotel, L.P., Defendant-Respondent-Appellant.


Glenn Agre Bergman & Fuentes LLP, New York (Jed I. Bergman of counsel), for appellant-respondent.
Schlam Stone & Dolan LLP, New York (Joshua Wurtzel of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 5, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, denied defendant's cross motion to dismiss the complaint, and ordered the parties to carry out expedited discovery with a note of issue deadline of May 10, 2021, unanimously modified, on the law, to grant plaintiff's motion for summary judgment in lieu of complaint and sever defendant's set-off defense/claim, and otherwise affirmed, with costs against defendant.
Plaintiff Deka Immobilien Investment GmbH, a German capital investment company and capital management company acting for the account and benefit of the German open-end real estate fund Deka ImmobilienGlobal (Deka Fund), entered into a partnership agreement with two affiliates of New York-based real estate investment company Ashkenazy Acquisition Corporation, forming defendant partnership Lexington Avenue Hotel, L.P. On July 31, 2015, plaintiff issued a document known as a Kreditauftrag, or credit mandate, whereby it instructed German bank Bayerische Landesbank (Bayern) to loan $136 million to defendant; by operation of German law, plaintiff became a guarantor under that document. On that same day, Bayern, plaintiff, and defendant entered into a $136 million loan agreement. The loan agreement stated that it would be repaid in one installment on June 30, 2020. Between November 2019 and June 2020, defendant tried to obtain an extension of the loan, but Bayern refused. On June 30, 2020, defendant defaulted on the loan. On July 15, 2020, Bayern demanded payment from plaintiff as guarantor, and on July 20, 2020, plaintiff repaid Bayern the full principal and interest due on the loan. On July 20, 2020, plaintiff also entered into an assignment agreement with Bayern whereby Bayern assigned all of its claims and rights under the loan agreement to plaintiff.
Plaintiff is entitled to summary judgment in lieu of complaint because it has shown that there was a loan agreement, defendant defaulted under the loan agreement, plaintiff repaid the full amount owed as guarantor, and plaintiff explicitly retained the right to bring this lawsuit under the assignment agreement. Although defendant challenges the validity of the assignment because the loan agreement required Bayern to obtain defendant's consent to such transfer, this Court finds that no consent was necessary. Plaintiff was a party to the loan agreement, and therefore not a "Third Party" for which consent was needed. Moreover, defendant's actions in failing to repay the loan when due constituted an event of default under Bayern's General Terms and Conditions for Loans which were incorporated by reference into the loan agreement. This event of default was continuing, as plaintiff's repayment under its guaranty did not extinguish defendant's default.
As to defendant's set-off defense/claim based upon plaintiff's [*2]alleged breach of fiduciary duty, "[i]t is well established that . . . assertion of defenses based on facts extrinsic to the instrument [are] insufficient to defeat a motion brought pursuant to CPLR 3213" (Midtown Neon Sign Corp. v Miller, 196 AD2d 458, 459 [1st Dept 1993][internal quotation marks omitted]). Defendant's claim is separate and severable from plaintiff's claim under the loan agreement and does not defeat plaintiff's motion for CPLR 3213 treatment (see Veg 83, LLC v JTED83, Inc., 169 AD3d 558, 558 [1st Dept 2019]).
Supreme Court did not abuse its discretion in ordering expedited discovery (see 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021